**NATIONAL TELEVISION SALES INC.,**
*a corporation, Plaintiff,*

v.

**PHILADELPHIA TELEVISION BROAD-CASTING COMPANY, a corporation, Defendant.**

**No. 67 C 1055.**

United States District Court
N. D. Illinois, E. D.

May 20, 1968.

---

Ralph Miller, Norman, Engelhardt, Zimmerman, Franke & Lauritzen, Chicago, Ill., for plaintiff.

William R. Jentes, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

ROBSON, District Judge.

The defendant in this diversity action for an accounting has moved to dismiss on the ground that this court has no jurisdiction. For the reasons set forth below, this court is of the opinion that this motion should be granted.

Service on the defendant in this action was made in Philadelphia pursuant to Rule 4(e), which incorporates the Illinois "long-arm" statute, S.H.A. ch. 110, § 17.[1] The defendant contends that it does not fall within the reach of that statute, since it did not "transact any business within" Illinois. The plaintiff, on the other hand, argues that facts exist which show that the defendant is subject to this "long-arm" type of process.

Certain facts in this case are undisputed, however. The contract out of which this cause of action arose was negotiated and signed in either Philadelphia or New York. At the time of the negotiations, the plaintiff had its principal place of business in Philadelphia. The defendant was then based in New York City.[2] None of the preliminary negotiations were held in Illinois. The defendant is not licensed or qualified (formally) to do business in Illinois. No employees of the defendant live or work in Illinois. The defendant maintains no offices, telephones, telephone listings, or mailing addresses in Illinois. What then does the plaintiff rely on to sustain jurisdiction under the "transaction of business" clause?

The plaintiff relies on three events or activities: First, the fact that the defendant admits that its Sales Manager made one trip to see plaintiff's new Chairman of the Board and Chief Execu-

1. Section 17 reads in part: "(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person * * * to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts: "(a) The transaction of any business within this State * * *." The plaintiff does not contend that any other provision of this statute is here involved. The defendant also concedes that service was made according to the statute's provisions, but disputes the applicability of the statute.

2. On January 22, 1968, the defendant merged with the U.S. Communications Corporation, a Delaware corporation. The plaintiffs do not contend that this merger affects the jurisdictional question before this court.

tive Officer to find out whether the contract in dispute could be serviced more efficiently; second, the fact that the defendant admittedly sent its letter of termination of the contract in question to the plaintiff in Chicago, approximately two months after the Sales Manager's visit; and, three, the fact that the defendant was active in Illinois in securing contracts for the sale of television advertising time on its station. The plaintiff makes no allegation that the activities set forth in its third ground gave rise to this cause of action. This is a fatal defect. Section 17 clearly requires that the activities which are relied on to sustain jurisdiction must give rise to the suit in question, at least in part. S.H.A. ch. 110, § 17(3). This court must therefore turn to the other two events, in order to see whether this suit will remain before it.

The visit of the Sales Manager after the contract was signed or the sending of the termination letter do not appear to this court to be sufficient to constitute a "transaction of business." Jurisdiction under this part of Section 17 exists if certain "minimum contacts" with Illinois are present which do not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), as quoted in Nelson v. Miller, 11 Ill.2d 378, 384, 143 N.E.2d 673 (1957). The defendant in this case has not solicited in Illinois the contracts in dispute, nor did he promise to send an employee to Illinois to train a purchaser as the defendant did in Berlemann v. Superior Distributing Co., 17 Ill.App.2d 522, 151 N.E.2d 116 (1958); nor did this defendant negotiate by mail with the plaintiff in Chicago or visit Chicago to inspect the machinery to be purchased *before* signing any contract, as the defendant did in Kropp Forge Co. v. Jawitz, 37 Ill.App.2d 475, 186 N.E.2d 76 (1962). The defendant here was not like the defendant in Ziegler v. Houghton-

Mifflin Co., 80 Ill.App.2d 210, 224 N.E. 2d 12 (1967), where that defendant knowingly made sales to or agreements with Illinois residents, even though that defendant and its agents were never physically present in Illinois. Finally, the present defendant's situation is quite unlike that of the defendants in Lurie v. Rupe et al., 51 Ill.App.2d 164, 201 N.E. 2d 158 (1964), who maintained a transfer agent, registrar, mailing agent, and dividend disbursing agent in Illinois for many years. These factual situations present in the Illinois cases which sustained jurisdiction seem to exclude both the plaintiff's first and second grounds. A look at the Illinois cases which have denied jurisdiction shows that Illinois has not gone so far as to exercise its "long-arm" powers over such a person as the present defendant. E. g., Grobark v. Addo Machine Co., 18 Ill.App.2d 10, 151 N.E.2d 425 (1958), affirmed 16 Ill.2d 426, 158 N.E.2d 73 (1959); Orton v. Woods Oil & Gas Co., 249 F.2d 198 (7th Cir. 1957); Continental Nut Co. v. Robert L. Berner Co., 345 F.2d 395 (7th Cir. 1965). In the closest case to defendant's situation, the Illinois courts denied jurisdiction over a defendant, where the contract was executed in another state, the defendant's officer visited Illinois only once for *preliminary* negotiations, and an employee of defendant lived in Illinois (but was unconnected with the transaction). E. Film Corporation v. United Feature Syndicate, Inc., 172 F.Supp. 277 (N.D.Ill.1958).

It seems clear that the Illinois courts have not applied Section 17 to a person in the present defendant's posture. The extremely limited contact that defendant has had with the State of Illinois, added to the fact that this action for an accounting has more relation with the states of Pennsylvania and New York than with Illinois, lead this court to the conclusion that "traditional notions of fair play and substantial justice" require that this action be dismissed. It is so ordered.