UNITED STATES of America, Plaintiff,

v.

The WATCHMAKERS OF SWITZER-LAND INFORMATION CENTER, Inc., et al., Defendants.

United States District Court
S. D. New York.

Sept. 15, 1955.

Stanley N. Barnes, Asst. Atty. Gen., Marcus A. Hollabaugh, Richard B. O'Donnell, Malcolm A. Hoffmann, Sp. Assts. to the Atty. Gen., Mary Gardiner Jones, Cold Springs Harbor, N. Y., Samuel B. Prezis, Trial Attys., Washington, D. C., for plaintiff.

Robert Perret, New York City, Appearing Specially as Atty. for Eterna, A. G. Uhrenfabrik, Solinger & Gordon, New York City, of counsel.

Goodwin, Danforth, Savage & Whitehead, New York City, for Wittnauer, Et Cie, S. A., Donovan, Leisure, Newton & Irvine, New York City, James V. Hayes, William F. Clare, Jr., A. Pennington Whitehead, New York City, of counsel.

WALSH, District Judge.

Defendants Wittnauer and Eterna seek reargument of the denial of their motions to dismiss for lack of jurisdiction over their persons. The motions for reargument are denied.

Wittnauer, a Swiss corporation, contends that the bare fact of its affiliation with defendant Longines, a New York corporation, does not bring it within the jurisdiction of this court. Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 334–337, 45 S.Ct. 250, 69 L.Ed. 634. Its second contention is that even though the substantive allegations of the complaint be accepted as true for the purpose of this motion, they do not allege any specific act by Longines as agent or affiliate for Wittnauer, and that the allegations that Longines committed numerous acts in this district in furtherance of a conspiracy with Wittnauer and the other defendants, even if true, do not establish the "presence" here of Wittnauer.

The factors to be considered in asserting jurisdiction over a foreign corporation are those specified and explained in three opinions of Chief Judge Learned Hand. Latimer v. S/A Industries Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, 186, certiorari denied 338 U.S. 867, 70 S.Ct. 141, 94 L.Ed. 531; Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F. 2d 788, 791; Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139. They require continuous local activity within the jurisdictional limits of the court and satisfaction that the forum would be not unfairly inconvenient to the defendant. This view expressed in the original opinion is not here challenged by defendants.

The acts charged to Longines, Wittnauer and the other defendants in the substantive allegations of the complaint have been assumed to be true for the purpose of this pretrial motion. Although Wittnauer has reserved the right to challenge this proposition, it does not do so here and agrees that the immediate application be considered upon the assumption that these substantive allegations are true.

Within this framework, it seems to me that the application for reargument must be denied. Here there was no holding nor even any claim that this court had jurisdiction over Wittnauer simply because it was an affiliate of Longines. There is therefore no conflict with Cannon Manufacturing Co. v. Cudahy Packing Co., supra. This does not mean, however, that the fact of affiliation must be ignored and not taken into consideration along with the undisputed fact that the Collective Convention was executed by Wittnauer and the assumed facts as charged in the substantive allegations of the complaint.

Concededly, Longines, a New York corporation, owns all of the stock of Wittnauer which manufactures watches for it to sell. In addition, it is alleged and here undisputed that Wittnauer has signed the Collective Convention by which it agrees that it, in Swit-

zerland, and Longines, in New York, would conform to the practices therein specified and that trade reprisals might be visited upon one for deviation by the other.[1] Further, the other facts in the complaint alleged and assumed to be true for the purpose of this motion show that Wittnauer and Longines and several others have conspired to restrain American trade in Swiss watches and the manufacture and export of American watches. In this connection Longines and other American defendants are alleged to have committed numerous acts as mutual agents for one another and for the Swiss defendants. Many of these acts are alleged to have been committed by Longines within the jurisdiction of this court.[2] Longines having acted for Wittnauer as well as the others in this regard, its acts may be regarded as those of Wittnauer. Accordingly, it is unnecessary to pursue generalizations as to the power of the court under the Cannon case over *any* affiliate of Longines, or the power of the court over a foreign affiliate which merely manufactured watches and sold them to Longines. Such inquiries are academic here. The question is the power of this court over the manufacturing affiliate of Longines which has joined with it in an endeavor far broader than the manufacture and sale of watches—a joint effort to prevent the free manufacture, sale and export by others of Swiss and American watches and watch parts. Where two corporations under common ownership are used as interlocking facilities to execute a common design, the self-serving niceties of inter-corporate housekeeping are of minor significance.[3] Of course, the possibility that the acts by Longines may be illegal does not make them any less a continuous activity on behalf of Wittnauer. Giusti v. Pyrotechnic Industries, 9 Cir., 156 F.2d 351, 353–354.

Although it is true as contended by Wittnauer that in no allegation does the complaint allege that Longines acted as an affiliate or agent of Wittnauer, the complaint is replete with allegations of activities by Longines in this district pursuant to its conspiratorial agreement with Wittnauer and the other defendants.[4] At least when coupled with corporate affiliation, the agency the law finds between members of a conspiracy is just as effective for purposes of jurisdiction as agency derived in any other form.[5] We need not in this case speculate about the problems of basing jurisdiction upon such alleged agency in the case of completely independent corporations where there might be uncertainty as to notice and unfair inconvenience as to place of trial.

Defendant Eterna, A. G. reiterates its previous argument that Eterna, N. Y. is an independent distributor of its product rather than its local agent. It offers no additional proof and urges only that its relationship to Eterna, N. Y. more closely resembles precedents it relies upon than those cited in the original opinion. All of these precedents had been called to the court's attention before, and their rereading does not change the conclusion initially reached.

Motions denied.

1. Complaint paragraph 24.
2. See paragraphs 28, 29, 31, 32, 33, 34, 35, 36 alleging acts by Longines here pursuant to agreements alleged in paragraphs 25, 27. Paragraph 27 expressly alleges:

   "27. Pursuant to the aforesaid combination, conspiracy and concert of action, and in furtherance thereof, defendants and the co-conspirators, among other things, have entered into, adhered to, or effectuated the Collective Convention described in paragraph 24 above and have done the acts and carried into execution the agreements complained of in paragraphs 28 to 39 hereinafter."

   See also paragraph 24(c) and (d) as to commitments under the Collective Agreement.

3. See Anderson v. Abbott, 321 U.S. 349, 363, 64 S.Ct. 531, 88 L.Ed. 793.

4. See Footnote 2, supra.

5. " * * * When men enter into an agreement for an unlawful end, they become ad hoc agents for one another, and have made 'a partnership in crime.' * * * " Van Riper v. United States, 2 Cir., 13 F. 2d 961, 967.