George F. Berlemann, Plaintiff-Appellant, v. Superior Distributing Company, Defendant-Appellee.

Term No. 58–F–26.

Fourth District.

June 2, 1958.

Released for publication July 2, 1958.

Eldon M. Durr, of Edwardsville, for appellant.

Burroughs, Simpson & Burroughs, of Edwardsville, for appellee.

PRESIDING JUSTICE BARDENS delivered the opinion of the court.

Plaintiff filed suit in the Circuit Court of Madison county against defendant, a Colorado corporation, for breach of warranty. Summons was served personally on an officer of defendant in Colorado. Defendant thereupon filed its motion to quash the service of summons on the grounds that it had not theretofore submitted to jurisdiction or transacted any business in Illinois, and, therefore, was not subject to the jurisdiction of Illinois courts. This motion was allowed. Plaintiff's appeal to the Supreme Court was transferred to this court inasmuch as no constitutional question was presented by the pleadings. The issue raised is whether or not the allegations of the complaint meet the standard prescribed by the Legislature for the extension of jurisdiction of Illinois courts to nonresidents.

The evolution and expansion by the courts of the concept of personal jurisdiction over non-residents has received the attention of writers in the legal field and need not be repeated here. (Cleary and Seder, Extended Jurisdictional Bases for the Illinois Courts, 50 N. W. L. Rev. 599 (1955); O'Connor, Jurisdiction

of Illinois Courts Over Non-Residents,—Notre Dame Lawyer—(1955).) Suffice it to say, the limitation on jurisdiction imposed by the notion that a local court's jurisdiction stopped at a state line because physical control of a defendant by the court ended there, was destroyed by the U. S. Supreme Court in International Shoe Co. v. State of Washington, 66 S. Ct. 154, 326 U. S. 310, 90 L. Ed. 95 (1945). Substituted for the prior test of physical presence in the forum was the requirement that the defendant "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " The basis for the court's opinion is succinctly stated in the following language:

"But to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, as far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue."

 The new jurisdictional yardstick announced by the United States Supreme Court was adopted by the Illinois Legislature in its revision of the Civil Practice Act in 1955. Sec. 17 of Ch. 110 (Ill. Rev. Stat. 1955), in so far as material here, provides:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts;

"(a) The transaction of any business within this State;

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section."

Thus it is apparent from a literal reading of the statute that a non-resident is now amenable to a suit in Illinois which arises out of the transaction of any business here. Added to the background and meaning of this provision provided by the decisions of the U. S. Supreme Court is the recent decision of the Illinois Supreme Court in Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673. There a Wisconsin appliance dealer, through its agents, in delivering and unloading merchandise in Illinois, negligently caused injury to a resident of Illinois. Service of summons was had on defendant in Wisconsin. In its decision finding the provisions of Sec. 17 not unconstitutional as denying a non-resident due process of law, though Subsection (b) was there involved rather than Sub-section (a), the court observed that "Sections 16 and 17 of the Civil Practice Act reflects a conscious purpose to assert jurisdiction over non-resident defendants to the extent permitted by the due process clause." See also Orton v. Woods Oil & Gas Co., 249 F.2d 198 and Green v. U. S. Chewing Gum Mfg. Co., 224 F.2d 369.

With that background to the language of Section 17, we turn to the complaint filed by plaintiff to determine whether the allegations are sufficient, if proven, to subject defendant to jurisdiction in Illinois. In substance, it alleged that defendant, through an agent, who was personally present in Illinois, solicited and secured two purchase orders from plaintiff selling him certain vending machines (designed to dispense hot drinks) to be shipped from Colorado; that these purchase orders, which are set forth in full in the complaint, contained the agreement of the defendant to obtain the "initial location contracts" for the equipment and

to send a "factory trained service man to train the purchaser in the service and maintenance of the above ordered equipment"; that said agreement was breached by defendant's failure to secure locations for the equipment; that the machines were defective and subject to breakdowns, contrary to the written guaranty furnished by defendant, and that plaintiff tendered back to defendant all machines ordered and received, and demanded return of the consideration paid.

From the allegations of the complaint, it is clear that the cumulative effect of the securing of the purchase orders and the location contracts by employees in the State, coupled with its promise to send an employee to train plaintiff, was the transaction of *some* business in Illinois. The standards established by the U. S. Supreme Court which lend meaning to the broad language of Section 17(a)(1) are amply satisfied. Not only is there an allegation of more than "minimum contact" with Illinois and one of its residents, but the cause of action arises out of and is directly connected with the defendant's activities in the State. The following language from Nelson v. Miller is equally apt here:

"If, in a particular case, trial in an Illinois court will be unduly burdensome to the nonresident defendant, the doctrine of forum non conveniens is available. Whitney v. Madden, 1948, 400 Ill. 185, 79 N.D.2d 593. Moreover, the nonresident defendant will in many cases have the privilege of removal to a Federal court (28 U. S. C., sec. 1441), in which case, after removal, a motion will lie under 28 U. S. C., sec. 1404(a) for transfer to a more convenient district. Norwood v. Kirkpatrick, 1955, 349 U. S. 29, 75 S. Ct. 544, 99 L. Ed. 789. We hold that the requirements of due process of law have been met."

For the reasons stated we conclude that the ruling of the court on defendant's motion to quash was errone-

ous, and the judgment of the lower court is reversed and remanded to the Circuit Court of Madison county with directions to overrule the motion to quash and for further proceedings consistent with this opinion.

Reversed and remanded with directions.

CULBERTSON and SCHEINEMAN, JJ., concur.