Fred W. WING, Jr., Plaintiff,

v.

**CHALLENGE MACHINERY COMPANY,**
a corporation, and The American Type
Founders Co., Inc., a corporation, Defendants.

Civ. A. No. P–2204.

United States District Court
S. D. Illinois, N. D.
April 14, 1959.

Frederick W. Allen, Peoria, Ill., for plaintiff.

David A. Nicoll, of Miller, Westervelt & Johnson, Peoria, Ill., for defendant Challenge Machinery Co.

Cassidy & Cassidy, Peoria, Ill., for defendant American Type Founders Co., Inc.

MERCER, Chief Judge.

█ Plaintiff, Fred W. Wing, Jr., filed a suit in the Circuit Court of Peoria County, Illinois, against the Challenge Machinery Company, hereinafter referred to as defendant, and American Type Founders Co., Inc., for personal injuries allegedly sustained by him in the operation of a paper cutter manufactured by defendant and purchased by plaintiff from American. Defendant is a Michigan corporation and summons in the cause was served upon it at its office at Grand Haven, Michigan, purportedly by authority of the provisions of Sections 16 and 17 of the Illinois Civil Practice Act, I.R.S.1957, C. 110, §§ 16 and 17. The cause was transferred to this court for trial upon defendant's motion.

Appearing specially herein, defendant filed its motion to quash summons and return of purported service upon defend-ant and to dismiss the cause as to defendant for want of jurisdiction. Thereafter, on February 13, 1959, plaintiff served upon defendant 25 interrogatories which, by nature of their subject matter, are addressed to facts bearing upon the jurisdictional questions presented by defendant's motion to quash and dismiss. Defendant filed written objections to all of such interrogatories except those numbered 15 to 19, inclusive, and 22 to 24, inclusive; the cause is before the court upon those objections.

Each of the objections states a common contention that the facts sought are irrelevant, too remote and beyond the scope of the jurisdictional issues involved, questions which must be decided upon the basis of the interpretation of the language of Section 17 of the Illinois Civil Practice Act, as interpreted by the courts of that state.

The Act provides in pertinent part: Section 17.

"(1) Any person, v      or not a citizen or resident ⸤    ⸣ State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State;

"(b) The commission of a tortious act within this State;

"(c) The ownership, use, or possession of any real estate situated in this State;

\*    \*    \*    \*    \*    \*

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section." Section 16.

"(1) Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a

person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication. * * * "

The interrogatories to which complaint is made are relevant, if at all, as probative of the jurisdictional basis established by subsection (1)(a) of the statute, and relate to matters which plaintiff contends will tend to prove that defendant is transacting business within the State of Illinois. They bear no relationship to the tort aspect of the claim of plaintiff's complaint, if any, but only to the breach of warranty aspect. Interrogatories relating to defendant's ownership of realty have been answered.

■ At this stage of the proceedings, the merit of defendant's motion to quash service of summons is not before the court except insofar as legal aspects of that motion have a bearing upon the objections to interrogatories. Nor has the court at the present time any concern with any constitutional question as such. The objections must, however, be considered in the light of whether the interrogatories are addressed to facts having relevancy to the determination whether the defendant has in fact had such "minimum contacts" with the forum of Illinois to remove the due process objection to extraterritorial service of summons issued by the courts of that State. See International Shoe Company v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95.

The Illinois statute under which purported service of summons was made in this cause was framed as a "conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process" determination of the International Shoe case. Nelson v. Miller, 11 Ill.2d 378, 389, 143 N.E.2d 673, 679. The limits of the act must be distilled from the language of the statute itself and from authoritative decisions interpreting its provisions. The Nelson case, the only pronouncement to date by the highest court of the State, is concerned with the construction of subsection (1)(b) of Section 17 and is not particularly helpful here. So far as I am advised, the Illinois Supreme Court has not construed subsection (1)(a), of Section 17. There are, however, two decisions of the Appellate Courts of that State indicative of the construction of the act which this court must adopt.

The later of these cases is Grobark v. Addo Machine Company, Inc., 1st Dist., 18 Ill.App.2d 10, 151 N.E.2d 425. There plaintiffs filed an action in the Superior Court of Cook County alleging breach by defendant of an alleged exclusive distributorship contract, the cause of action containing trade secrecy overtones. Process was served upon the defendant at New York City. It appeared that over a long period of years defendant had sold and shipped products manufactured outside the State of Illinois to plaintiffs and other persons within that State for resale. The defendant was a corporation organized under the laws of and domiciled in the State of New York and was not licensed to do business within the State of Illinois. Defendant had not at any time maintained offices in Illinois nor employed any agents, officers or other persons within the state. On its sales with persons within Illinois, the defendant had as the courts found, merely accepted orders sent to it at its New York office and delivered its products at New York to independent carriers for delivery. The courts found further that defendant had never exercised any control over distributors of its products within the State of Illinois.

Upon defendant's motion the trial court quashed service of summons. On appeal the Appellate Court affirmed, holding that the relationship between defendant and plaintiffs and other persons to whom it had sold its products in Illinois was that of seller and purchaser.

In pertinent part the court said, 151 N.E.2d at pages 427–428:

"Plaintiffs * * * were independent businessmen in Illinois selling their own merchandise which had been manufactured by the defendant. They were not transacting business for the defendant in Illinois. * * * Section 17 requires that the defendant transact business within the state, not merely that products manufactured by defendant be sold within the state by other independent business organizations. In the leading case of International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the defendant's salesmen were employed in Washington. In Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, the defendant's agent was in Illinois and his activity here gave rise to the injury for which the suit was brought. We are of the opinion that the defendant corporation did not submit to the jurisdiction of the courts of Illinois within the meaning of Section 17 of the Civil Practice Act."

In Berlemann v. Superior Distributing Company, 4th Dist., 17 Ill.App.2d 522, 151 N.E.2d 116, the plaintiff, a citizen of Illinois, filed suit in an Illinois Court against the defendant, a Colorado corporation, alleging breach of covenants and warranties contained in certain agreement for the sale to plaintiff of automatic vending machines.

Summons issued by the Illinois court was served upon an officer of defendant at its principal place of business in the State of Colorado. Upon defendant's motion the trial court quashed the service of summons, holding that the defendant had neither submitted to jurisdiction of the Illinois court nor transacted any business in Illinois which would subject it to the jurisdiction of the courts of that state. On appeal the Appellate Court reversed. From the complaint filed in the cause it appeared that the defendant through an agent who was personally present in the State of Illinois solicited and secured from plaintiff the two purchase orders which gave rise to the cause of action. The Appellate Court held that those allegations as to the single transaction in Illinois were sufficient allegations of the "transaction of * * business" within that State by defendant to render it amenable to the provisions of Section 17(1)(a) of the Civil Practice Act. In pertinent part the court said, 151 N.E.2d at page 118:

"From the allegations of the complaint, it is clear that the cumulative effect of the securing of the purchase orders and the location contracts by employees in the State, coupled with its promise to send an employee to train plaintiff, was a transaction of *some* business in Illinois. The standards established by the U. S. Supreme Court which lend meaning to the broad language of Section 17(a)(1) are amply satisfied. Not only is there an allegation of more than 'minimum contact' with Illinois and one of its residents, but the cause of action arises out of and is directly connected with the defendant's activities in the State."

The *Grobark* and *Berlemann* decisions, when compared, indicate the confines of the scope of application of Section 17(1)(a) to nonresident entities to be as follows; the solicitation and consummation of even a single transaction in Illinois by the nonresident acting either personally or through an agent present within the State is a sufficient "transaction of * * * business" within the State to render the nonresident amenable to process of Illinois courts issued and served pursuant to the provisions of that subsection, but that sales within the State by independent businessmen of products manufactured by a nonresident outside that State, without more, is not a sufficient contact with the forum of the State to render the nonresident amenable to jurisdiction of Illinois Courts acquired by extra-territorial

service of process. Cf., Orton v. Woods Oil Co., 7 Cir., 249 F.2d 198; Bluff Creek Oil Co. v. Green, 5 Cir., 257 F.2d 83. The determinative question is the presence within Illinois of the nonresident defendant in connection with the transaction which, ultimately, gives rise to the litigation or the performance by such defendant, or his agents, in Illinois of some act connected therewith. Compare, Berlemann v. Superior Distributing Co., supra, and Bluff Creek Oil Co. v. Green, supra, with Grobark v. Addo Machine Co., Inc., supra, and Orton v. Woods Oil Co., supra.

For present purposes, the court assumes that plaintiff's complaint, as amended, from a pleading standpoint, contains sufficient jurisdictional allegations to sustain service of process under 17(1)(a) if such allegations be proved. Also, the court does not intend to express, and does not by anything said herein, express any opinion as to the ultimate disposition of defendant's motion to quash. What is herein said as to the interpretation and application of the statute is merely prefatory to a determination whether the particular interrogatories to which objection is made, seek information which is, in the context of that interpretation, relevant to the question of legality of the service of process in this case. Applying the rules established by the cited cases, interrogatories which seek information having a tendency to show some activity by defendant or its agents within Illinois with respect to sales of its machines should be answered by defendant. On the other hand, objections should be sustained to those interrogatories seeking information having a tendency to show only that defendant has shipped its machines into Illinois. All doubts existing as to relevancy of the information sought are resolved in favor of plaintiff in the interest of granting to the discovery rules the liberal construction which their usefulness demands.

Applying that standard, defendant's objections to each of the following numbered interrogatories are sustained, to-wit: Number 1; Number 2; Number 6; and Number 7.

 In addition to those interrogatories, the interrogatories numbered 4, 13 and 14 are of such broad nature, so ambiguous and so wanting in specificity that the same are burdensome and oppressive. As this court pointed out in Schotthofer v. Hagstrom Construction Co., 23 F.R.D. 666, concern with minute detail in interrogatories may negate the value of interrogatory procedure by harnessing the opposing party with an undue burden which he ought not be compelled to bear. Defendant's objections to the last mentioned interrogatories as being ambiguous and burdensome are hereby sustained.

Defendant shall prepare and serve answers to the remaining interrogatories in the manner prescribed by Rule 33, F.R.Civ.P., 28 U.S.C., on or before the 8th day of May, 1959.