**LEACH COMPANY, Plaintiff-Appellee,**

**v.**

**GENERAL SANI–CAN MANUFACTUR-ING CORPORATION, Defendant-Appellant.**

**No. 16287.**

United States Court of Appeals
Seventh Circuit.

March 27, 1968.

**184**

Sidney Wallenstein, Chicago, Ill., David B. Kirschstein, New York City, for appellant.

John D. Dewey, John L. Alex, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Defendant-appellant General Sani-Can Manufacturing Corporation (General) appeals from two paragraphs of a default judgment order entered by the federal district court for the Northern District of Illinois on March 24, 1967 in favor of plaintiff-appellee Leach Company. In the paragraphs appealed from the district court ruled that it had jurisdiction of the parties and that venue was proper.[1]

Appellee's complaint, filed October 1, 1964, charged appellant, a New York corporation, Sani-Can Midwest Co. (Midwest), an Illinois corporation, and Vincent Guiffrida, Midwest's president, with infringement of appellee's Patent No. 2,-928,562. Process was served on Vincent Guiffrida for all three defendants.

Appellant moved on October 22, 1964 for dismissal of the complaint as to itself on grounds of lack of personal jurisdiction, improper venue and insufficient service of process. Appellant alleged that it does not have the requisite "minimum contacts" with the judicial district, cf. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945); that it does not have a regular and established place of business there, is not a resident of the district and has committed no acts of infringement there, cf. 28 U.S.C.A. § 1400(b); and that it has no agent in the district on whom process could be served, cf. Rule 4(d) (3) (7), F.R.Civ.P., 28 U.S.C.A., and 28 U.S.C.A. § 1694.

The district court denied the motion in an oral opinion on May 14, 1965 on the grounds that Midwest is the *alter ego* of appellant and that Midwest and Vincent Guiffrida were within the district for purposes of jurisdiction, venue and service of process.

Appellant then filed a petition in this court for a writ of mandamus and/or prohibition directing the district judge to dismiss the complaint for the reasons asserted in the motion to dismiss. We denied the petition by order on November 30, 1965. Appellant then filed in the Supreme Court a motion for leave to petition for a writ of mandamus and/or prohibition. That motion was denied by order on February 24, 1966.

Appellant and the other defendants dismissed their attorneys on March 25, 1966 and ignored the district court's orders to appear for depositions and produce docu-

---

1. The court also ruled in those paragraphs that it had jurisdiction of the subject matter, but appellant does not question that ruling.

ments. A default order was entered on June 30, 1966, and the default judgment was entered on March 24, 1967.

Notice of this appeal was filed April 21, 1967.

Appellant does not question the district court's jurisdiction over Midwest, the propriety of venue with respect to Midwest or the sufficiency of service on Vincent Guiffrida for himself and Midwest. If the corporate separateness of appellant and Midwest may be ignored, the rulings of the district court are not clearly erroneous and must be sustained. Cf. Rule 52(a), F.R.Civ.P., 28 U.S.C.A.

The sole issue before us is whether the district court committed clear error in treating appellant and Midwest as the same corporation for purposes of jurisdiction, venue and service.

The parties presented depositions, affidavits and exhibits in support of their respective positions, and the district court referred to them in its oral opinion.

Appellant manufactures refuse containers at Lindenhurst, New York and markets them through a number of distributors. *As General*, it has no office, warehouse or display facilities in the district, maintains no inventory in the district, and has no employees or assets in the district. It is not listed in a telephone directory in the district and its name does not appear on any office door in the district.

Midwest was organized in March, 1963 by Vincent Guiffrida, brother of appellant's president, Joseph Guiffrida. At least prior to March 1963, Vincent Guiffrida was secretary of appellant and acted as a factory sales representative in certain sections of the country, including the midwest. As part of his responsibility, he selected and established distributors for appellant's products. He has not formally resigned his position with appellant.

Vincent Guiffrida moved to Chicago in March, 1963 and incorporated Midwest in May, 1963. He is president of Midwest and its only salesman. He maintains his office in his residential apartment near Chicago.

Appellant shipped seventy-five refuse containers worth $7,800 to Vincent Guiffrida in March, 1963, with shipping costs prepaid. Further shipments were made in August and November, 1963 and thereafter. Midwest owed appellant approximately $11,000 at the end of December, 1963 and approximately $15,000–20,000 during 1964. At the beginning of this action appellant had billed Midwest approximately $78,000, and Midwest had paid approximately $58,000. Although appellant has a credit policy of c. o. d., ten-day terms and thirty-day terms with other distributors, it has no established credit policy with Midwest. Midwest makes payments to appellant when it is "convenient."

Since Midwest's organization in 1963, appellant *as General* has neither solicited nor made sales in the district, and its only shipments into the district have been to Midwest. Midwest places orders with appellant by mail or telephone and the containers are shipped by appellant f. o. b. New York. Appellant selects the carrier, and Midwest pays the freight. Midwest takes title to the containers in New York.

The corporations have no common owners, directors or officers. Their books and records are separate.

Appellant has continued Vincent Guiffrida's status as an employee in its group life and hospitalization insurance programs. In an insurance application dated March 6, 1964, one year after Vincent Guiffrida allegedly left appellant's employ, he stated that he had been appellant's employee continuously since January, 1960, that he was manager of a branch office and that his duty was supervising sales. According to appellant's treasurer, Vincent Guiffrida was expected to pay the premiums on the insurance, but had never done so.

When Vincent Guiffrida moved to Chicago he brought with him the company car he had used as a General employee. The title remained in appellant's name. Midwest made the installment payments

due after the car was brought to Chicago, but appellant continued paying the insurance on the car through April 19, 1965. Vincent Guiffrida was billed by appellant.

Appellant contends that it exercises no control over the prices charged by Midwest and that Vincent Guiffrida has no agency to obtain distributors for appellant. Appellee presented letters discovered in appellant's files which indicate the contrary. A letter addressed to a prospective customer and signed by appellant's vice-president and sales manager stated that addressee's inquiry had been forwarded to "our Midwest representative" Vincent Guiffrida and that "We have advised Mr. Guiffrida to revise his prices in view of our newly issued prices to him." Another letter addressed to a prospective distributor and signed by appellant's treasurer stated that "These containers could be picked up in Chicago, prices F.O.B. Lindenhurst, N. Y. Our Chicago representative is Midwest Sani-Can Distributing Co. * * *." Another letter, addressed to Vincent Guiffrida stated: "Below is a list of names which we have referred to you. Can you please let us in on what action has been taken, particularly as to the distributors as perhaps we may help by handling them direct." Included in the list of names was at least one who requested information on a distributorship.

The depositions of Vincent and Joseph Guiffrida contain denials that Vincent Guiffrida had authority to obtain distributors and that appellant controlled Midwest's prices. Appellant explains the damaging statements in the letters as inaccurate wording.

Appellant contends that corporate separateness may not be disregarded for the purpose of establishing jurisdiction and venue and for the purpose of serving process. It contends that this case is controlled by Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925).

In Cannon Mfg. Co. v. Cudahy Co., the Court held that service on a foreign corporation cannot be had by service on a wholly-dominated subsidiary, where the corporate separation, although formal only, is real and not fictitious. See also Markow v. Alcock, 5 Cir., 356 F.2d 194 (1966); Blount v. Peerless Chemicals (P. R.) Inc., 2 Cir., 316 F.2d 695, cert. denied 375 U.S. 831, 84 S.Ct. 76, 11 L.Ed.2d 62 (1963).

These and other cases cited by appellant are distinguishable from the instant case. Appellant and Midwest did not observe even the form of corporate separation. Vincent Guiffrida was continued as an insured employee under appellant's group life and hospitalization insurance programs. He was permitted to take a company car with him to Chicago, and appellant maintained insurance on the car. Appellant shipped large quantities of merchandise to Midwest and extended liberal credit to it in disregard of the credit policy applied to its other distributors. Midwest paid appellant when convenient and always owed appellant $15,000–20,000. Appellant did not sign a distributorship agreement with Midwest, although it executed such agreements with its other distributors. Appellant referred prospective distributors to Midwest for "action" and referred to Vincent Guiffrida and Midwest as "our Chicago representative."

Each of these facts, taken singly, might not have justified the district court in disregarding the corporate separateness of appellant and Midwest. However, taken together they indicate that appellant and Midwest freely disregarded their separateness and compel the conclusion reached by the district court "that the corporate form of Vincent's Midwest operation was the sheerest of shells to cloak his real agency for General Sani-Can." The rulings of the district court were not clearly erroneous.

In our considered judgment, the record in this case provides ample support for the findings of the district court and further, that correct legal criteria were applied by the district court. The judgment appealed from is affirmed.

Affirmed.