**WALTHAM WATCH COMPANY,**
Plaintiff,

v.

**HALLMARK JEWELERS, INC., et al.,**
Defendants.

No. 71 C 135.

United States District Court,
N. D. Illinois, E. D.

May 17, 1971.

R. L. Engel, D. W. Vittum, Jr., and J. M. Amend, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for plaintiff.

Thomas H. Morsch, Martin F. Robinson and Henry L. Mason III, Chicago, Ill., for defendants.

DECKER, District Judge.

This is an action for common-law and statutory trademark infringement, unfair competition, and deceptive practices involving the alleged appropriation of plaintiff's "HALLMARK" trademark. Plaintiff Waltham Watch Company ("Waltham") is a Delaware corporation. Defendant Hallmark Jewelers, Inc. ("Hallmark-Pennsylvania") is a Pennsylvania corporation, while defendant Hallmark Jewelers Inc. of New Jersey ("Hallmark-New Jersey") is incorporated in New Jersey.

Hallmark-Pennsylvania is a mail order firm engaged in the manufacture, assembly, purchase, and sale of jewelry to members of the United States Armed Forces. Its principal place of business is in Levittown, Pennsylvania. It is not licensed to do business in Illinois, nor does it maintain any of its own offices or plants here. Its jewelry is marketed through Hallmark-New Jersey, its sales subsidiary, which has stores near several military bases in the country. One of those stores is located within this district in North Chicago, Illinois. All solicitation and advertising is done in Illinois by Hallmark-New Jersey. Purchase orders are forwarded to the parent corporation, and merchandise is then sent from Levittown directly to the customer. Credit account statements and merchandise brochures are also mailed by Hallmark-Pennsylvania to its customers. No retail sales are conducted at the Hallmark-New Jersey stores.

Initially, service of process was made on both defendants through Hallmark-Pennsylvania's office manager in Levittown, Pennsylvania. Hallmark-New Jersey moved to dismiss the complaint on the ground of insufficiency of service of process. F.R.Civ.P. § 12(b) (5). Subsequent to the filing of the motion, service was made on the manager of Hallmark-New Jersey's North Chicago store. In light of the later service of process, Hallmark-New Jersey has withdrawn its objection to the sufficiency of service

and has conceded that it is subject to this court's jurisdiction. F.R.Civ.P. § 4(d) (3).

Hallmark-Pennsylvania has moved to dismiss the complaint for lack of jurisdiction over its person. F.R.Civ.P. § 12(b) (2). Waltham urges four different bases upon which jurisdiction can be founded in this court: (1) that service on Hallmark-New Jersey is sufficient to confer jurisdiction over its parent company; F.R.Civ.P. § 4(d) (3); Leach Co. v. General Sani-Can Mfg. Corp., 393 F. 2d 183 (7th Cir. 1968); (2) that Hallmark-Pennsylvania is transacting business within Illinois; F.R.Civ.P. § 4(d) (7); Ill.Rev.Stat. ch. 110, § 17(1) (a); Berlemann v. Superior Distributing Co., 17 Ill.App.2d 522, 151 N.E.2d 116 (1958); (3) that Hallmark-Pennsylvania committed a tortious act within Illinois; F.R.Civ.P. § 4(d) (7); Ill.Rev. Stat. ch. 110, § 17(1) (b); Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961); and (4) that Hallmark-Pennsylvania is present in Illinois; F.R.Civ.P. § 4(d) (7); Ill.Rev.Stat. ch. 110, § 13.3; Lindley v. St. Louis-San Francisco Ry. Co., 407 F.2d 639 (7th Cir. 1968).

It is sufficient for purposes of this motion to deal with (3) only, since Hallmark-Pennsylvania has, according to the complaint, committed a tort in Illinois. Ill.Rev.Stat. ch. 110, § 17(1) (b). Waltham charges defendants with infringement of its trademark, a cause of action which sounds in tort in Illinois. Cf. Westward Coach Mfg. Co. v. Ford Motor Co., 388 F.2d 627, 632 (7th Cir.), cert. denied, 392 U.S. 927, 88 S.Ct. 2286, 20 L.Ed.2d 1386 (1968); Fry v. Layne-Western Co., 282 F.2d 97, 102 (8th Cir. 1960). The tort occurred, for purposes of § 17(1) (b), at the place where the injury was suffered. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 435, 176 N.E.2d 761, 762 (1961). From its place of business outside the state, Hallmark-Pennsylvania sends its products bearing the allegedly infringing marks into Illinois, "where the deceived customer buys the defend-ant's product in the belief that he is buying the plaintiff's." Tunlaw Corp. v. E. F. MacDonald Co., 162 U.S.P.Q. 194, 201 (N.D.Ill.1969). Clearly, the allegations of the complaint are sufficient to establish the occurrence of the injury and the commission of the tort in Illinois. See Welch Scientific Co. v. Human Engineering Institute, Inc., 416 F. 2d 32, 34 (7th Cir. 1969), cert. denied, 396 U.S. 1003, 90 S.Ct. 552, 24 L.Ed.2d 494 (1970); Tunlaw Corp. v. E. F. MacDonald Co., supra; contra, Trippe Mfg. Co. v. Spencer Gifts, Inc., 270 F.2d 821, 823 (7th Cir. 1959) (alternative holding).

Accordingly, the motion of defendant Hallmark Jewelers Inc. of New Jersey to dismiss and to quash service of process is denied; and the motion of defendant Hallmark Jewelers Inc. to dismiss the complaint is likewise denied.