Henry Louis **HENRY**

v.

**OFFSHORE DRILLING (W.A.) PTY., LTD., American International Underwriters Corp.**

**Civ. A. No. 71–1199.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Aug. 19, 1971.

Jack P. F. Gremillion, Jr., Scullin & Gremillion, Baton Rouge, La., for plaintiff.

Sam A. LeBlanc, III, Adams and Reese, New Orleans, La., for defendants.

### R. BLAKE WEST, District Judge.

Plaintiff, allegedly injured while working as a motorman on a jack-up type drilling rig or motor vessel designated the M/V JUBILEE, off the coast of Australia, seeks damages for personal injury under the Jones Act and the General Maritime Law. Presently before the Court is a motion on behalf of defendant, plaintiff's employer, Offshore Drilling (W.A.) Pty. Ltd., to dismiss for lack of jurisdiction over the person of the defendant.

■ The sole issue presented is whether the Australian defendant corporation maintains such minimum contacts with the State of Louisiana as to constitute "doing business" and therefore to subject it to personal jurisdiction in the United States District Court for the Eastern District of Louisiana. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).[1]

As stated, defendant is a foreign corporation organized under the laws of Australia. It employs no agents or personnel in Louisiana. It owns no property in Louisiana, does not maintain an office in this state, and has appointed no agents for service of process in Louisiana. Defendant, however, is a foreign subsidiary of the Offshore Company, a parent corporation which is licensed to do business in Louisiana. Plaintiff contends that in fact the two corporations are "alter egos" of each other and are "one and the same organization" for purposes of jurisdiction.

■■ The Court recognizes the well established rule that the mere fact of the existence of a parent-subsidiary corporate relationship does not subject a foreign corporation to domestic jurisdiction. Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925). However, if the parent corporation and its subsidiary have not carefully maintained separate corporate identities, and it should appear that the form of corporate separation is a fiction, then a foreign parent corporation may be amenable to jurisdiction in the state where its subsidiary is doing business. Leach Company v. General Sani-Can Manufacturing Corporation, 393 F.2d 183 (7th Cir., 1968); Volkswagen Interamericana S. A. v. Rohlsen, 360 F.2d 437 (1st Cir., 1966); Boryk v. de Havilland Aircraft Co., 341 F.2d 666 (2d Cir., 1965); Wireline, Inc. v. Byron Jackson Tools, Inc., 239 F.Supp. 955 (D., Mont.1964).[2]

The Court further recognizes that, in accordance with the established guidelines, the determination of jurisdiction based on minimum contacts is a question of fact to be decided according to the particular circumstances of each case. Buckley v. New York Times Company, 338 F.2d 470 (5th Cir., 1964). We therefore turn to a consideration of the facts which bear on the question of jurisdiction in the instant matter, which facts are set forth in various affidavits of record herein.

---

1. Plaintiff has the burden of establishing the existence of jurisdiction. Wade v. Rogala, 270 F.2d 280 (3d Cir., 1959).

2. For reasons best known to counsel for plaintiff, suit was not filed in Louisiana against the parent corporation.

█ Plaintiff is a former employee of the Offshore Company, the parent corporation of the defendant. Plaintiff was subsequently employed by the subsidiary defendant, Offshore Drilling (W.A.) Pty. Ltd., by whom plaintiff was employed off the coast of Australia where he allegedly sustained the injuries which form the basis of this suit. While in the employ of the defendant in Australia, plaintiff received salary checks from the account of the Offshore Company, the parent corporation. Although plaintiff was technically employed by its subsidiary, the Offshore Company included plaintiff as a member of its retirement plan, and plaintiff retained the same employee identification number with the defendant that he previously had had with the parent company. Clearly then, the foreign defendant and its domestic parent corporation have not maintained distinct and separate corporate identities. The Court is of the opinion that failure of the parent and subsidiary companies to preserve distinct identities renders the form of separate incorporation a mere fiction which must be disregarded in determining jurisdiction. The defendant in this case is a mere instrumentality used by its corporate parent for the purpose of transacting business in Australia. United Steelworkers of America v. Copperweld Steel Company, 230 F.Supp. 383 (W.D.Pa., 1964).

Plaintiff would have the Court hold that the foreign defendant is amenable to jurisdiction in the Eastern District of Louisiana by reason of its parent's contacts with and in Louisiana, coupled with the failure of the companies to maintain separate identities. Plaintiff has cited ample authority for the proposition that a *parent* corporation may be subject to domestic jurisdiction through the contacts of its subsidiary,[3] but offers no decisions to support the converse proposition that a foreign *subsidiary* may be subject to jurisdiction through the contacts of its local parent.

█ It appears to the Court that the foreign subsidiary is subject to jurisdiction only in a case in which the foreign subsidiary exercises a certain degree of control over the parent corporation, and where the parent can be said to have acted as agent of the subsidiary. Thus, United States v. Watchmakers of Switzerland Information Center, 133 F.Supp. 40 (S.D.N.Y., 1955), an antitrust action brought against multiple defendants in the watchmaking industry, held a Swiss subsidiary subject to New York jurisdiction through the contacts of its New York parent corporation.

The Court in *Watchmakers* found that both parent and subsidiary exhibited various degrees of control over each other:

> "The American parent may have bought the Swiss company but the Swiss company through its knowhow and its collective Swiss relationship determines what watches the American parent shall sell and at what price and terms and the American company has committed itself to acquiesce."

In this case the parent was acting at the direction of the subsidiary, and the foreign subsidiary acted in the capacity of principal directing the activities of its American parent; thus, the subsidiary was "present" in the forum for purposes of jurisdiction. The Court emphasized the principal-agent rationale in its denial of motion for rehearing (134 F.Supp. 710, 712):

> "Longines (American parent) having acted for Wittnauer (Swiss subsidiary) as well as the others in this regard, its acts may be regarded as those of Wittnauer."

█ There is no evidence in the present case that the foreign subsidiary had any contacts of its own in Louisiana or in any manner manipulated the conduct of its local parent. Indeed, all of the facts are to the contrary, that the American parent controlled the activities of its subsidiary-agent in Australia, and that the latter company had no authority

3. See, for instance, Volkswagen Interamericana S.A. v. Rohlsen, 360 F.2d 440 (1st Cir., 1966).

to manage or control the activities of its parent in Louisiana. Therefore, it has been shown only that the American parent is "present" in Australia and subject to Australian jurisdiction; but there has been no showing that the Australian subsidiary is "present" in Louisiana and subject to jurisdiction in this state. Without such a showing the defendant, Offshore Drilling (W.A.) Pty. Ltd., is not properly before the Court.

 The holding herein is limited to the proposition that where a foreign subsidiary and a local parent have failed to maintain separate corporate identities, there is no personal jurisdiction over the foreign subsidiary without a showing that the subsidiary was "present" in the forum through its direction and manipulation of local parental activities. More precisely, a foreign subsidiary is not amenable to local jurisdiction in the capacity of a *principal* unless it "purposefully avails itself of the privilege of conducting activities within the forum State" through direction of its local parent. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

For the reasons assigned, this motion to dismiss for lack of jurisdiction is granted.