Margaret ALLAN, Personal Representative of the Estate of James Andrew Harkin, Deceased,

v.

BROWN & ROOT, INC. (A Halliburton Company), Brown & Root (U.K.) Ltd., Brown & Root, S.A., and Jackson Marine Corporation (A subsidiary of Brown & Root, Inc.), Jackson Marine, S.A.

Civ. A. No. H–79–835.

United States District Court,
S. D. Texas,
Houston Division.

June 2, 1980.

Mandell & Wright, Herman Wright, Houston, Tex., for plaintiff.

Vinson & Elkins, Eugene J. Silva, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

STERLING, District Judge.

Presently pending before the Court are Defendants' motions to dismiss pursuant to Rule 12(b), Fed.R.Civ.P. and on the basis of *forum non conveniens.* Defendants' motions are opposed by Plaintiff. Defendants have submitted affidavits in support of their motions to dismiss Plaintiff's claims. Therefore, the Court will consider the Defendants' motions to dismiss as motions for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Accordingly, Defendants have the burden of establishing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. *Kellerman v. Askew,* 541 F.2d 1089, 1092 (5th Cir. 1976); *Heyward v.*

*Public Housing Administration,* 238 F.2d 689, 696 (5th Cir. 1956).

This action was instituted by Margaret Allan as the personal representative of James Andrew Harkin, a twenty-nine year old Scottish national who drowned on November 30, 1977, in St. Jobshaven Harbor, in the Netherlands. Plaintiff seeks to recover under the Jones Act, 46 U.S.C. § 688, the general maritime law, and "such other death statutes as are applicable."

The parties are in agreement on the following facts pertaining to Harkin's death. At the time of his death, Harkin was employed as a cook aboard the M/V Mister Andre, an American flag vessel owned by Jackson Marine Corporation, (hereinafter Jackson, U.S.), a Texas Corporation. Harkin was originally employed by Jackson Marine, S.A., (hereinafter Jackson, S.A.), a Panamanian Corporation. The Mister Andre arrived in St. Jobshaven, Rotterdam from Amsterdam on November 30, 1977, the day of the accident. In Rotterdam harbor, the Mister Andre was moored alongside the M/V Mister John H., an American flag vessel also owned by Jackson, U.S. The Mister John H. was in turn moored alongside the derrick barge Atlas I. The Atlas I is a Panamanian flag vessel owned by Defendant Brown & Root, S.A., a Panamanian Corporation. Decedent was returning from shore, making his way across the Atlas I and Mister John H. to the Mister Andre, when he fell from a gangway between the Atlas I and the Mr. John H. and drowned in the harbor.

Defendants have submitted affidavits attesting to the following additional facts in support of their motions. At the time of Decedent's death the Mister Andre was under a bareboat charter to Jackson Marine Services, N.V., a Netherlands Antilles Corporation (a nonparty), which had in turn, executed a time charter for the year with Brown & Root Offshore, N.V., a Netherlands Antilles Corporation (also a nonparty). The derrick barge Atlas I was also under bareboat charter to Brown & Root Offshore, N.V. The Mister John H. was under bareboat charter to Jackson Marine

Services, N.V. Prior to the accident, Jackson S.A. assigned Decedent's employment contract to Jackson Marine Services, N.V. with his approval.

█ At the outset the Court must point out that under the general maritime law there is no cause of action for a wrongful death upon foreign waters in the Courts of the United States. *See, Mobil Oil Corp. v. Higgenbotham*, 436 U.S. 618, 624–25, 98 S.Ct. 2010, 2014–15, 56 L.Ed.2d 581 (1978). The parties are agreed that the Decedent James Andrew Harkin drowned in St. Jobshaven, Rotterdam Harbor, within the territorial waters of the Netherlands. Accordingly, Plaintiff can not state a cause of action for wrongful death under general maritime law in this Court and Plaintiff's claim based thereon is dismissed.

█ The Jones Act, 46 U.S.C. § 688, provides for recovery only against a seaman's employer. *See, Spinks v. Chevron Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975), *clarified*, 546 F.2d 675 (5th Cir. 1977). A seaman can have but one Jones Act employer. *Id.*, at 225. However, the Fifth Circuit in *Spinks v. Chevron Oil Co., supra*, determined that a seaman may sue more than one entity, in the alternative, as his Jones Act employer. The Court stated that a seaman should not be forced to speculate at his own peril as to whom the Court will eventually determine to be his Jones Act employer. *Id.*

█ Under the Jones Act a seaman who is killed or injured "in the course of his employment" need not be on the vessel at the time. *Braen v. Pfeifer Oil Transportation Co.*, 361 U.S. 129, 132, 80 S.Ct. 247, 249, 4 L.Ed.2d 191 (1959); *Senko v. La Crosse Dredging Corp.*, 352 U.S. 370, 373, 77 S.Ct. 415, 417, 1 L.Ed.2d 404 (1957). A seaman is considered to be as much in the course of his employment when he is going to or from the ship while on shore leave as he is while on board. *Braen v. Pfeifer Oil Transportation Co., supra*, at 132, 80 S.Ct. at 249; *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 732–37, 63 S.Ct. 930, 934–37, 87 L.Ed. 1107 (1942). The Jones Act can apply to the death of a seaman in foreign territorial waters. *Ivy v. Security Barge Lines, Inc.*, 606 F.2d 524, 528 (5th Cir. 1979); *Farmer v. Standard Dredging Corp.*, 167 F.Supp. 381, 384 (D.Del.1958). Under the Jones Act, a suit for wrongful death is based upon negligence, not upon the doctrine of unseaworthiness. *See, Kernan v. American Dredging Co.*, 355 U.S. 426, 429–30, 78 S.Ct. 394, 396–97, 2 L.Ed.2d 382 (1958).

Defendants urge that Plaintiff has failed to state a claim upon which relief can be granted against Defendants, Brown & Root, U.S., Brown & Root, U.K., Brown & Root, S.A., Jackson, U.S. and Jackson, S.A. Fed. R.Civ.P. 12(b)(6). It is asserted that the decedent Mr. Harkin was not employed at the time of his death by any of the above named Defendants. Defendants' affidavits state that the Decedent's contract of employment was assigned, with his approval, by Jackson, S.A. to Jackson Marine Services, N.V., a nonparty. Consequently, Defendants maintain that they can not be held liable under the Jones Act, since the Act only provides for recovery against the seaman's employer. *Spinks v. Chevron Oil Co., supra*, at 224.

█ Defendants Jackson, U.S. and Jackson, S.A. maintain that M/V Mister John H. and M/V Mister Andre were under bareboat charter to Jackson Marine Services, N.V. Jackson, S.A. claims to have had no ownership or possessory interest in the M/V John H. and that Jackson Marine Services, N.V. was the owner *pro hac vice*. *See, Reed v. S.S. Yaka*, 373 U.S. 410, 412–13, 83 S.Ct. 1349, 1351–52, 10 L.Ed.2d 448 (1963); *Reed v. United States*, 78 U.S. (11 Wall.) 591, 601, 20 L.Ed. 220 (1871). The owner *pro hac vice* employs the crew and controls the vessel for the duration of the charter, thereby becoming the seamen's "employer" for purposes of Jones Act liability. *Loe v. Goldstein*, 101 F.2d 967, 971 (9th Cir. 1939); *Cromwell v. Slaney*, 65 F.2d 940, 941 (1st Cir. 1933).

Defendants Brown & Root, U.S. and Brown & Root, U.K. assert that they held no ownership interest in the derrick barge Atlas I, nor did they conduct any business activity in the North Sea relating to this

vessel. It is alleged that these Defendants have no connection with this matter at all.

The gravamen of Plaintiff's argument is that proper discovery will reveal the existence of such a close and interrelated course of operations between Brown & Root, U.S., Brown & Root, U.K., Brown & Root, S.A., Brown & Root Offshore N.V., Jackson, U.S., Jackson, S.A., and Jackson Marine Services, N.V. that for all practical purposes the latter six entities are but operating divisions or *alter egos* of the Texas Corporate Defendant, Brown & Root, U.S. Plaintiff asserts that at a minimum discovery will establish that Jackson Marine Services, N.V., is a mere paper creation or *alter ego* of Jackson, S.A. which in itself is a foreign operating division of either Jackson, U.S., or Brown & Root, U.S. Further, to the extent that Jackson Marine Services, N.V. and Jackson, S.A. are interrelated and dominated by Brown & Root, U.S. or Jackson, U.S. then one of the latter entities is chargeable under the Jones Act with any negligence responsible for Decedent's drowning.

Plaintiff questions the legal adequacy of the document purported to be an assignment of Decedent's contract of employment from Jackson, S.A., to Jackson Marine Services, N.V. Further, Plaintiff points out that Defendants have only introduced the affidavit of Mr. Ralph Meyer, a Senior Vice President of Jackson, U.S., to support their contention that the M/V Mister John H. was under bareboat charter to Jackson Marine Services, N.V. No affidavits or documents have been submitted to support Defendant's assertion that M/V Mister Andre was under bareboat charter to Jackson Marine Services, N.V. The affidavit of Mr. A. R. Hyatt who was a Vice President of Brown & Root, S.A. has been filed to support the alleged bareboat charter of the Atlas I to Brown & Root Offshore, N.V.

In order to determine the applicability of American law to a particular shipowner or shipping enterprise the Court must look at the actual operational contacts that the ship and its owner have with the United States. *See, Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306, 310, 90 S.Ct. 1731, 1734, 26 L.Ed.2d 252 (1970); *Lauritzen v. Larsen*, 345 U.S. 571, 587–88, 73 S.Ct. 921, 930–31, 97 L.Ed. 1254 (1953). In *Lauritzen v. Larsen, supra*, the Supreme Court listed seven factors to be considered in determining the choice of law in a factual situation such as exists here: (1) The place of the wrongful act; (2) the law of the flag; (3) allegiance or domicile of the injured seaman; (4) allegiance of the defendant shipowner; (5) the place where the contract of employment was made; (6) the inaccessibility of a foreign forum; and (7) the law of the forum. 345 U.S. at 583–90, 73 S.Ct. at 928–32. In order to apply the Jones Act to a particular case the contacts between the transaction and the United States must be substantial. *Hellenic Lines, Ltd. v. Rhoditis, supra*, 398 U.S. at 309 n. 4, 90 S.Ct. at 1734. The list of seven factors in *Lauritzen* was not intended to be exhaustive. *Id.*, at 309, 90 S.Ct. at 1734. The Court in *Rhoditis, supra*, considered that the shipowner's base of operations was another factor in determining the applicability of the Jones Act. *Id.* The choice of law is not to be determined by merely counting the contacts, *Hellenic Lines, Ltd. v. Rhoditis, supra*, at 308, 90 S.Ct. at 1733; *Lauritzen v. Larsen, supra*, 345 U.S. at 582, 73 S.Ct. at 928. The weight to be accorded the law of the flag is greater than any other contact unless it is overborne by some countervailing consideration. *Lauritzen v. Larsen, supra*, at 586, 73 S.Ct. at 930. However, the ensign the vessel flies becomes a minor factor if it is established to be a subterfuge or ruse cloaking the true nationality of the operation or vessel. *See, Hellenic Lines, Ltd. v. Rhoditis, supra*, 398 U.S. at 310, 90 S.Ct. at 1734; *Lauritzen v. Larsen, supra*, 345 U.S. at 587–88, 73 S.Ct. at 930–31. When the flag is a subterfuge the Courts can pierce that veil and look beyond the flag. *Lauritzen v. Larsen, supra*, at 587, 73 S.Ct. at 930; *Hellenic Lines, Ltd. v. Rhoditis*, 412 F.2d 919, 923 (5th Cir. 1969) *aff'd*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970).

The Court is persuaded that Plaintiff must be afforded an opportunity to complete discovery in order to resolve the factual disputes and determine the choice of law. Accordingly, the Court is of the opinion that Defendants' motion for summary judgment pertaining to Plaintiff's Jones Act claim must be denied at this time.

Defendants urge that Plaintiff's suit should be dismissed on the basis of the doctrine of *forum non conveniens.* Under the doctrine of *forum non conveniens* it is well established that a cause of action can not be dismissed if federal law is found to apply. *See, De Mateos v. Texaco, Inc.,* 562 F.2d 895, 899–900 (3d Cir. 1977), *cert. denied,* 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 494 (1978); *Bartholomew v. Universe Tankships, Inc.,* 263 F.2d 437, 443 (2d Cir.), *cert. denied,* 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959). The applicability of the doctrine of *forum non conveniens* to this action can not be determined until the choice of law issue is resolved. Consequently, the Court is of the opinion that Defendants' motion to dismiss Plaintiff's Jones Act claim on the grounds of *forum non conveniens* must be denied at this time.

Finally, Defendants assert that Plaintiff has failed to effectuate service upon the foreign corporate Defendants and that the Court lacks *in personam* jurisdiction over these foreign corporate entities.

Essentially, Defendants allege that service pursuant to Fed.R.Civ.P. 4(d)(7) and the Texas long-arm statute can not be made against Defendants Brown & Root, U.K., Brown & Root, S.A. and Jackson, S.A. *See,* Tex.Rev.Civ.Stat. art. 2031b (Vernon). Moreover, Defendants claim that the foreign corporate entities are not "doing business" in Texas and that service upon Brown & Root, U.S. and Jackson, U.S. was not sufficient as to them. *Id.*

Plaintiff's position is that service was not made pursuant to the Texas long-arm statute and Fed.R.Civ.P. 4(d)(7). Rather, service was made pursuant to Fed.R. Civ.P. 4(d)(3). Under Rule 4(d)(3) service can be had on a foreign corporation by serving a managing or general agent. Fed. R.Civ.P. 4(d)(3). A federal standard is used to determine whether a particular individual is a general or managing agent for the purposes of Rule 4(d)(1) and (3). *See, Hanna v. Plumer,* 380 U.S. 460–65, 85 S.Ct. 1136–40, 14 L.Ed.2d 8 (1965); *National Equipment Rental v. Szukhent,* 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964).

In order for the foreign corporate Defendants to be subject to the Court's *in personam* jurisdiction the Defendant foreign corporations must maintain sufficient minimum contacts with the State of Texas. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 222, 78 S.Ct. 199, 200, 2 L.Ed.2d 223 (1957). It is incumbent upon the party seeking to invoke the jurisdiction of the Court to demonstrate that *in personam* jurisdiction over the Defendant exists. *Product Promotions, Inc. v. Costeau,* 495 F.2d 483, 490 (5th Cir. 1974).

Service under Rule 4(d)(3) on the proper agent of a parent corporation may constitute sufficient service on the subsidiary. *See, e. g., Edwards v. Gulf Mississippi Marine Corp.,* 449 F.Supp. 1363, 1365–66 (S.D.Tex.1978). However, the Supreme Court in *Cannon Manufacturing Co. v. Cudahy Packing Co.,* 267 U.S. 333, 336–37, 45 S.Ct. 250, 251, 69 L.Ed. 634 (1925), stated that as a general rule the relationship of a parent corporation and a subsidiary corporation is not of itself a sufficient basis for subjecting a foreign corporation to domestic jurisdiction, nor does such a relationship create the necessary agency for making service on one through the other. 267 U.S. at 336–37, 45 S.Ct. at 251. Generally, to sustain service on a subsidiary through a parent corporation it must be demonstrated that the parent corporation is acting as an agent for the subsidiary within the state, or that the two corporations are not really separate entities. *See, Edwards v. Gulf Marine Corp., supra,* at 1365–66; *Henry v. Offshore Drilling (W.A.), Pty., Ltd.,* 331 F.Supp. 340, 341 (E.D.La.1971).

Due to the intricate nature of Plaintiff's action and Plaintiff's assertions of *in personam* jurisdiction, the Court is of the opinion that Plaintiff must be given the benefit of full discovery on those issues. *Surpitski v. Hughes-Kennan Corp.*, 362 F.2d 254, 256 (1st Cir. 1966); *See, Rosemound Sand and Gravel Co. v. Lambert Sand and Gravel Co.*, 469 F.2d 416, 418 (5th Cir. 1972). Accordingly, the Court is of the opinion that Defendants' motions to dismiss for lack of service and *in personam* jurisdiction should be denied at this time.

Therefore, it is,

ORDERED that Defendants' motions to dismiss under Fed.R.Civ.P. 12(b)(6) is GRANTED as to Plaintiff's claims based upon general maritime law and DENIED as to Plaintiff's Jones Act claim. Further, Defendants' motions to dismiss for insufficient service of process, lack of *in personam* jurisdiction and on the basis of *forum non conveniens* are DENIED at this time but may be renewed upon conclusion of discovery as to the issues involved in that matter.